NELLIE M. LAWTON, Appellant,

vs.

LEWIS C. LANE, Administrator.

Kennebec.　　Opinion November 28, 1898.

*Title by descent.　Illegitimates.　Stat. 1887, c. 14.*

Under the statute of 1887, chap. 14, an illegitimate child born prior to March 24, 1864, though never legitimized, can inherit from his maternal grandfather deceased since the enactment of the statute.

AGREED STATEMENT.

This was petition by Nellie M. Lawton, claiming to be the granddaughter and heir-at-law of her grandfather, Harvey Ladd, of Readfield, deceased, praying for a distribution of the estate in the hands of the administrator. A decree of distribution was accordingly ordered by the probate judge who refused and denied the petitioner's claim to one-half of the net personal property of the estate and made thereon the following decree: "The court finds that Nellie M. Lawton, an illegitimate child, cannot inherit from her grandfather as no act of her parents had given her inheritable qualities." An appeal was duly taken by the petitioner to the supreme court of probate, where the parties submitted the case to the decision of the law court upon the following agreed statement:—

"In the claim of Nellie M. Lawton as heir to the estate of Harvey Ladd the following facts are agreed to, viz:

"Harvey Ladd the intestate had two children, viz: Hattie E. Ladd and Laura F. Ladd.

"He died June 27, 1892. At the date of his decease he had only one surviving child Laura F. Luce.

"The daughter Hattie E. Ladd died May 15, 1866, leaving one illegitimate child, Nellie M. Lawton, who was born in May, 1863.

"Nellie M. Lawton claims one-half of the estate of Harvey Ladd as the representative of her mother Hattie E. Ladd."

*J. O. Bradbury and F. K. Sweetser*, for petitioner.

*E. O. and F. E. Beane*, for respondent.

When Harvey Ladd, deceased, his only surviving issue was Laura F. Luce. She was his sole heir. Nellie M. Lawton was not the lawful issue of Hattie E. Ladd and so, as we submit, was not entitled to any part of the estate of her grandfather by right of representation, as her counsel now claims.

The case of *Messer* v. *Jones*, 88 Maine, 349, cited by petitioner's counsel, does not apply here. The question there was who had the right of administration, as being nearest of kin to the deceased.

SITTING: PETERS, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, FOGLER, JJ.

EMERY, J. The question is whether an illegitimate child born prior to March 24, 1864, and never legitimized can under the Act of 1887, ch. 14, inherit from his maternal grandfather deceased since that Act. In *Messer* v. *Jones*, 88 Maine, 349, it was decided that under the same circumstances an illegitimate child could inherit from a legitimate daughter of his mother, that is, from a natural half-sister. We see no difference in principle between the two cases. The Act of 1887 expressly includes lineal as well as collateral kindred.

> *The decree of the Probate Court is reversed. The cause is remanded to the Probate Court to enter new decree that the appellant is entitled to one-half of the estate as heir.*